

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

AMEER AZIZ,

                     Plaintiff,

       -against-

ATTORNEY GENERAL OF THE UNITED STATES,

                     Defendant.

------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-3021 (NGG)**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 07 2013 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

       Pro se Plaintiff Ameer Aziz, currently incarcerated in York County Prison, brings this action under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), for an award of attorneys' costs and fees incurred in connection with Plaintiff's 2004 petition for review of a removal order. (Compl. (Dkt. 1).) Plaintiff also moves to proceed in forma pauperis under 28 U.S.C. § 1915 (Dkt. 3) and moves for appointment of counsel (Dkts. 4, 5). Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons discussed below, his request for appointment of counsel is DENIED WITHOUT PREJUDICE and his claims against Defendant are DISMISSED WITHOUT PREJUDICE to file an amended complaint within 45 days of the date of this Order.

**I.    BACKGROUND**

       This action arises from litigation regarding removal proceedings brought against Plaintiff, who was admitted into the United States as a lawful permanent resident in 1985. In 1996, Plaintiff was convicted of firearm-related criminal offenses and a removal order was entered in 1998 and affirmed by the Board of Immigration Appeals ("BIA") on June 27, 2002. (Compl. at 2.) In 2004, the court granted Plaintiff's petition challenging the order of deportation pursuant to

28 U.S.C. § 2441, and ordered the government to permit Plaintiff to apply for cancellation of removal pursuant to 8 U.S.C. § 1229(b). Order, Aziz v. U.S. Dep't of Homeland Sec., No. 04-CV-1010 (NGG) (E.D.N.Y. May 4, 2004) Dkt. 7.

However, Plaintiff's petition for cancellation of removal was denied and he was found to be removable. (Compl. at 2.) This decision was affirmed by the BIA on May 28, 2008, and since then Plaintiff has been subject to a final order of removal. (Id.) Additionally, Plaintiff's further challenge to his removal was transferred from the Eastern District of New York to the correct jurisdiction, the Middle District of Pennsylvania, where the court denied his petition for a writ of habeas corpus, his motion to stay removal, and his motion for appointment of counsel. Order, Aziz v. Attorney General, No. 12-CV-03961 (WWC) (M.D. Pa. Oct. 23, 2012), Dkt. 8.

Here, Aziz seeks costs and fees under the EAJA for his successful challenge to his initial order of removal in this court in 2004.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action filed by a plaintiff proceeding in forma pauperis where it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The court notes that pro se filings are construed liberally and are interpreted to raise the strongest arguments they suggest. See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (noting that courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest"). Nevertheless, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007). At the pleadings stage, a court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in a complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

### III. DISCUSSION

Plaintiff brings this action pursuant to the EAJA, which allows for the award of costs and fees to prevailing parties in certain civil actions and states in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, under the EAJA, "eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; [and] (3) that no 'special circumstances make an award unjust.'" Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990); Gomez-Beleno v. Holder, 644 F.3d 139 (2d Cir. 2011).

The EAJA also requires that a party file with the court any such application for fees and costs within *thirty days* of final judgment:

3

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

28 U.S.C. § 2412(d)(1)(B); See Scarborough v. Principi, 541 U.S. 401, 408 (2004) ("[Section] 2412(d)(1)(B) sets a deadline of 30 days after final judgment for the filing of a fee application."). For purposes of the EAJA, the judgment becomes "final" when it is "not appealable." 28 U.S.C. § 2412(d)(2)(G). A civil case to which a federal officer is a party must be appealed within 60 days after entry of judgment. Fed. R. App. P. 4(a). "Therefore, [a] court's judgment remanding [a] case to the agency becomes final 60 days after it is entered, at which point the 30-day EAJA clock starts ticking." Turner v. Astrue, 764 F.Supp.2d 864, 880 (E.D. Ky. 2010), overruled on other grounds sub nom. Turner v. Comm'r of Soc. Sec., 680 F.3d 721 (6th Cir. 2012), (citing Townsend v. Comm'r of Soc. Sec., 415 F.3d 578, 581 (6th Cir. 2005)). Accordingly, the court must first determine if Plaintiff's application is timely filed.

Here, the Judgment was entered on May 6, 2004, and became "final" on July 5, 2004, the first business day following the 60-day period in which an appeal could be filed. See Judgment, Aziz v. U.S. Dep't of Homeland Sec., (E.D.N.Y. May 6, 2004), Dkt. 8. Following this date, when the judgment became "final," Plaintiff had 30 days—until August 4, 2004—to make an application pursuant to EAJA. Plaintiff's application was filed on May 20, 2013, nearly *nine years* beyond the deadline. Absent some legitimate justification for this delay, Plaintiff's application under the EAJA is untimely.

Specifically, Plaintiff's delay may be excused if it is properly subject to equitable tolling. In Scarborough, the Supreme Court held that the 30-day deadline for fee applications and

4

application-content specifications under the EAJA is "not properly typed 'jurisdictional.'" 541 U.S. at 414 (citation omitted). The Court further concluded that the EAJA does not implicate subject matter jurisdiction but rather involves "a mode of relief (costs including legal fees) ancillary to the judgment of a court that has plenary 'jurisdiction of [the civil] action' in which the fee application is made." Id. at 413 (alteration in original) (citation omitted). The Court explicitly declined to opine on whether the EAJA time limitation for fee applications is subject to equitable tolling. Id. at 421 ("Because our decision rests on other grounds, we express no opinion on the applicability of equitable tolling in the circumstances here presented.").

Courts in the Second Circuit have invoked the doctrine of equitable tolling in determining the timeliness of EAJA applications for costs and fees. See, e.g., Batchelder v. Astrue, No. 10-CV-0267 (MAD), 2012 WL 4513766, at *1 (N.D.N.Y. Oct. 1, 2012); Steele ex rel. M.D. v. Astrue, No. 09-CV-0347 (NAM), 2012 WL 4093116, at *1 (N.D.N.Y. Sept. 17, 2012); Jones v. Astrue, No. 11-CV-6625 (DGL), 2012 WL 3686089, at *1 (W.D.N.Y. Aug. 24, 2012). For equitable tolling to apply, however, a litigant must show that "he has been pursuing his rights diligently" *and* that "some extraordinary circumstance stood in his way." See Torres v. Bowen, 417 F.3d 276, 276 (2d Cir. 2005); Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80-81 (2d Cir. 2003).

Here, Plaintiff does not appear to meet the requirements of having acted with reasonable diligence and having been affected by extraordinary circumstances. Plaintiff merely asserts that his untimeliness is due to his "counsel" being "deceptive or fraud[ulent]" and that he only recently learned about the availability of fees pursuant to EAJA. (Compl. at 2-3.) However, Plaintiff fails to allege facts sufficient to explain—or even suggest—how his counsel deceived him or how that deception affected Plaintiff's ability timely to file an application for costs and

5

fees. Plaintiff also states that the cause for delay is "duress," but similarly fails to allege facts to support such a claim. (Id. at 3.) Accordingly, the court finds that Plaintiff's application lacks any allegations that would support the application of equitable tolling of the relevant deadline. See Batchelder, 2012 WL 4513766, at *1 ("[W]here the plaintiff offers no explanation for the untimeliness of her [EAJA] motion, equitable tolling is unwarranted."); Steele, 2012 WL 4093116, at *1 ("[P]laintiff offers no explanation for the untimeliness of her motion [filed 68 days late]. Thus, plaintiff's action is untimely."). Petitioner's application under EAJA therefore is denied as untimely.

In an abundance of caution, and in deference to Plaintiff's status as a pro se litigant, the court will allow Plaintiff an opportunity to amend his Complaint in order to provide a basis for the invocation of equitable tolling of the deadline. Should Plaintiff choose to amend and re-file his Complaint, he must explain why equitable tolling is justified, and he must also allege facts to support his eligibility for an award of fees and costs, including that (1) he is a prevailing party; (2) the Government's position was not substantially justified; and (3) no special circumstances make an award unjust. See Jean, 496 U.S. at 158; Gomez-Beleno, 644 F.3d at 144.

Additionally, Plaintiff requests pro bono counsel pursuant to 28 U.S.C. § 1915(e). (Dkts. 3, 9.) Plaintiff's requests are denied without prejudice. There is no right to counsel in a civil case, and although a person accused of a crime is guaranteed counsel under the United States Constitution, the court cannot compel an attorney to accept a civil case on a pro bono basis. See Mallard v. United States Dist. Court, 490 U.S. 296 (1989); Martin-Trigona v. Lavien, 737 F.2d 1254, 1260 (2d Cir. 1984).

However, pursuant to 28 U.S.C. §1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." In considering requests for appointment of

counsel, the court must first consider whether the Plaintiff's position is "likely to be of substance." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003). Here, Plaintiff has not met the threshold requirement that his claim is "likely to be of substance" at this juncture. Therefore, Plaintiff's request for pro bono counsel is denied without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's request to proceed in forma pauperis is GRANTED, his motion to appoint counsel is DENIED WITHOUT PREJUDICE, and his Complaint is DISMISSED WITHOUT PREJUDICE to re-file within 45 days of the date of this Order. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
August 6, 2013

NICHOLAS G. GARAUFIS
United States District Judge